UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL TISDALE,

Plaintiff,

v.                                                                          26–CV–6110–MAV
                                                                            ORDER
KEVIN MCCARTHY,

Defendant.

---

## INTRODUCTION

*Pro se* plaintiff Michael Tisdale, a former inmate, filed this action seeking relief under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Elmira Correctional Facility, he was deprived of "basic prisoner rights" during the New York State Department of Corrections and Community Supervision ("DOCCS") strike that occurred in February and March of 2025. ECF No. 1. Tisdale also submitted a motion to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization. ECF No. 2. He also filed motions for appointment of counsel, ECF No. 3, and for miscellaneous relief. ECF No. 4.

Because Tisdale meets the requirements of 28 U.S.C. § 1915(a) and filed the required documents, he is granted permission to proceed IFP. The Court therefore screens the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons that follow, the claims against Elmira Superintendent Kevin McCarthy ("McCarthy") are dismissed without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(iii), and the individual capacity claims against him are dismissed

under 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend. Tisdale's motions for appointment of counsel and miscellaneous relief are denied without prejudice.

## BACKGROUND

Tisdale alleges that from February 17 to March 27, 2025, during the DOCCS labor strike he was "deprived of basic prisoner[']s rights such as showers[,] recreation[,] and religious servi[c]es. ECF No. 1 at 5. On one occasion, he also had a "dead mouse in [his] dinner box." *Id.*

## LEGAL STANDARDS

### I.    Review Under the IFP Statute

A court shall dismiss a complaint in a civil action in which an individual seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### II.    Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20–3676–CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid sua sponte dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24–1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is

3

"obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## III.    Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government–official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

4

## IV.   Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

## I.   Eleventh Amendment Immunity

"Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). New York has not waived its Eleventh Amendment immunity to suit under § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977), and state sovereign immunity has not been abrogated by § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). The Eleventh Amendment bar extends to state officials sued in their official capacities for monetary damages. *Graham*, 473 U.S. at 169 (official capacity).

5

Tisdale's claims against McCarthy in his official capacity as an employee of DOCCS are barred by the Eleventh Amendment. Accordingly, Tisdale's claims against McCarthy in his official capacity for monetary damages are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) without prejudice.[1] Because amendment would be futile, the dismissal is without leave to amend.

## II.    Eighth Amendment Conditions of Confinement

Conditions of confinement claims implicate the Eighth Amendment's prohibition of cruel and unusual punishment. *Wilson v. Seiter,* 501 U.S. 294, 296–97 (1991). The Constitution "does not mandate comfortable prisons," but it also does not "permit inhumane ones." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (first quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).

A condition of confinement rises to the level of cruel and unusual punishment where the condition deprives inmates of "the minimal civilized measure of life's necessities." *Id.* at 834 (quoting *Rhodes,* 452 U.S. at 347). Under this standard, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832–33 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)).

To establish an Eighth Amendment violation on the basis of inhumane prison

---

[1] "[A]lthough the Second Circuit has not explicitly held that a motion to dismiss on grounds of Eleventh Amendment immunity is a question of subject matter jurisdiction, it has, in recent summary orders, instructed that such dismissals are to be without prejudice. *Chacko v. Creedmoor Psychiatric Ctr.*, No. 25-CV-3406 (PKC) (TAM), 2025 WL 3295054, at *4 n.5 (E.D.N.Y. Nov. 26, 2025) (citing *Powers v. Long Island Power Auth.*, No. 21-CV-1755, 2022 WL 3147780, at *2 (2d Cir. Aug. 8, 2022) (summary order); *Karupaiyan v. New York*, No. 23-CV-1257, 2024 WL 2174272, at *1–2 (2d Cir. May 15, 2024) (summary order)).

conditions, a prisoner must allege both that "(1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation modified). "To constitute deliberate indifference, [t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Id.* (citation modified).

## A.    Deprivation of Showers and Recreation

Both exercise and hygiene are basic human needs. *See Dillon v. City of New York*, No. 12 Civ. 6746 (LAP), 2013 WL 3776252, at *3 (S.D.N.Y. July 18, 2013) ("[E]xercise is one of the basic human needs protected by the Eighth Amendment[.]"); *Pape v. Cook*, No. 3:20-CV-1324 (VAB), 2021 WL 2186427, at *9 (D. Conn. May 28, 2021) ("Inmates have a right to . . . the necessary materials to maintain adequate personal hygiene[,]" including showers). But not all deprivations of these basic human needs violate the Eighth Amendment.

"[A]s a matter of law, minor and temporary deprivations of . . . showers and recreation do not violate the Eighth Amendment." *Ford v. Phillips*, No. 05 CIV. 6646 (NRB), 2007 WL 946703, at *9 (S.D.N.Y. Mar. 27, 2007); *see also Pape*, 2021 WL 2186427 at *9 ("Courts in the Second Circuit have held that temporary denials of access to a shower for up to two weeks typically do not constitute a serious deprivation of a basic human need."). Consequently, "a plaintiff must show that he was denied all meaningful exercise for a substantial period of time." *Williams v. Goord*, 142 F. Supp.

7

2d 416, 425 (S.D.N.Y. 2001). The denial of showers for a prolonged period can likewise state an Eighth Amendment claim. *See Encarnacion v. Connors*, No. 9:21-CV-00986-MAD-TWD, 2023 WL 6546247, at \*11 (N.D.N.Y. Aug. 7, 2023), *report and recommendation adopted*, 2023 WL 6057393 (N.D.N.Y. Sept. 18, 2023).

Based on a liberal reading of the complaint, Tisdale alleges that he was deprived of showers and recreation from February 17 to March 27, 2025. At this stage, a more than five-week deprivation of these basic human needs is sufficient to satisfy the objective prong of an Eighth Amendment claim. *See Encarnacion*, 2023 WL 6546247, at \*11 ("[T]here is a genuine issue of material fact as to whether the denial of showers and recreation for 60 consecutive days . . . posed a substantial risk of serious harm to Plaintiff.").

As for the subjective prong, the complaint contains no allegations suggesting that McCarthy, the Superintendent of Elmira, knew of and disregarded the risk of harm to Tisdale from the deprivation of showers and recreation. *Lopez v. Chappius*, No. 6:17-CV-06305 EAW, 2023 WL 2612507, at \*7 (W.D.N.Y. Mar. 23, 2023) (*Tangreti* "made clear that [the personal involvement requirement] does not bar § 1983 claims based on a supervisor's deliberate indifference to an alleged constitutional violation."). Aside from naming McCarthy as a defendant, Tisdale does not allege any facts describing his involvement at all. *See Tangreti*, 983 F.3d at 618 (explaining that there is "no special rule for supervisory liability"). This claim is therefore dismissed with leave to amend.

### B.    Rodent in the Food

Tisdale alleges that "[o]n one occasion," there was a dead mouse in his food. ECF No. 1 at 5. While no doubt unpleasant, isolated instances of foreign objects in food fail to state a claim under the Eighth Amendment. *See Flores v. City of New York*, No. 21CV1680(PGG)(KHP), 2022 WL 4705949, at *13 (S.D.N.Y. Aug. 8, 2022) (dismissing a claim arising from a plaintiff finding a piece of glass and then, on a separate occasion, a dead mouse in his food because, *inter alia*, he failed to "allege any widespread and continuous contamination issues with food"), *report and recommendation adopted*, 2022 WL 4592892 (S.D.N.Y. Sept. 30, 2022); *Fountain v. Shaw*, No. 10-C-1484, 2011 WL 4888874, at *5 (N.D. Ill. Oct. 13, 2011) (holding that a dead mouse on prisoner's food tray was "insufficient to establish an Eighth Amendment violation"); *Allen v. Maryland*, Case No. L–10–353, 2010 WL 727753, at *1 (D.Md. Feb. 25, 2010) (holding that a burnt rodent discovered in an inmate's breakfast failed to state an Eighth Amendment claim because there was no allegation that his food "regularly or even often contains mice or other foreign objects"); *Wiley v. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *8, (E.D. Ky. Nov. 21, 2012) (holding that one incident of discovering a dead rat in soup was not actionable). Nor does the complaint identify the personal involvement of McCarthy in this isolated incident.

For these reasons, Tisdale's Eighth Amendment conditions of confinement claims are dismissed but with leave to amend.

## C.    Free Exercise of Religion

"It is well-established that the First Amendment affords inmates constitutional protection to practice their religion." *Barry v. Russo*, No. 22-CV-3835 (KMK), 2024 WL 965000, at *7 (S.D.N.Y. Mar. 5, 2024) (citing, *inter alia, O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987)).[2] "Because 'the free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires,' courts are not permitted to inquire into the centrality of a professed belief to the adherent's religion or to question its validity in determining whether a religious practice exists." *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002) (alteration omitted) (quoting *Employment Div., Dep't of Human Res. of Oreg. v. Smith*, 494 U.S. 872, 886–87 (1990)). "For that reason, an individual claiming violation of free exercise rights under § 1983 need only demonstrate that the beliefs professed are sincerely held and in the individual's own scheme of things, religious." *Kravitz v. Purcell*, 87 F.4th 111, 123 (2d Cir. 2023) (citation modified).

But "[i]n the prison context . . . 'the right to free exercise of religion' is balanced against 'the interests of prison officials charged with complex duties arising from administration of the penal system.'" *Id.* at 127–28 (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)). Consequently, to state a First Amendment free exercise claim, a prison inmate must allege that (1) "the practice asserted is religious

---

[2] Because monetary damages are not available under the Religious Land Use and Institutionalized Persons Act, *see Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014), the Court has not interpreted the complaint as raising such a claim.

in the person's scheme of beliefs" and "the belief is sincerely held"; (2) "the challenged practice of the prison officials infringes upon the religious belief"; and (3) "the challenged practice" does not further "legitimate penological objectives." *Id.* at 128 (alteration omitted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)).[3]

The complaint lacks any of these allegations. For instance, the complaint gives no indication of Tisdale's religion, the services he was deprived of, or how the denial infringed on his beliefs. Nor does it identify how McCarthy was aware of and violated Tisdale's religious beliefs. *See Gilmore for Gilmore v. Rensselaer Cnty. Med. Exam'r*, No. 1:22-CV-292 (BKS/ML), 2022 WL 2827514, at *2 (N.D.N.Y. July 20, 2022) ("[T]o state a free exercise claim Plaintiff must identify the religion and the nature of the religious beliefs and how each defendant was aware of and violated these religious beliefs."). For these reasons, this claim is dismissed for failure to state a claim but with leave to amend.

## V.     Motion for Appointment of Counsel

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.,* *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In determining whether to assign

---

[3] There may be legitimate penological reasons for why certain services were not provided during the DOCCS labor strike, but it is premature to address this issue at the pleading stage.

11

counsel, courts must "first determine whether the indigent's position seems likely to be of substance," and then, if this threshold is met, consider

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

At this early stage, where no claims are yet proceeding to service, the Court cannot assess Tisdale's likelihood of success on the merits. Tisdale's amended complaint need only provide "a short and plain statement" of the facts "showing that [he] is entitled to relief." *See* Fed. R. Civ. P. 8(a). Tisdale need not provide legal argument. And all the information Tisdale needs to draft a successful amended complaint is within this Order. The motion is denied.

## VI.   Motion for Miscellaneous Relief

In conclusory terms, Tisdale's motion states that he seeks "compensatory money damages[.]" ECF No. 4 at 1. The motion offers no basis—and none exists—at this stage to grant such relief. This motion is therefore denied without prejudice.

### CONCLUSION

For the reasons above, Tisdale's motion to proceed IFP, ECF No. 2, is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the claims against McCarthy in his official capacity are dismissed without prejudice but without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(iii). The individual capacity claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend. Tisdale's motions

12

for appointment of counsel, ECF No. 3, and for miscellaneous relief, ECF No. 4, are denied without prejudice.

Tisdale may file an amended complaint by **July 10, 2026** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Tisdale is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Tisdale is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

## ORDER

IT HEREBY IS ORDERED that Tisdale's motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that the claims against McCarthy in his official capacity are DISMISSED WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(iii); and it is further

13

ORDERED that the claims against McCarthy in his individual capacity are DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Tisdale may file an amended complaint as directed above by no later than **July 10, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Tisdale with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Tisdale does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) will remain dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Tisdale fails to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Tisdale must immediately notify the Court in writing each time

14

his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:     May 19, 2026
           Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

15