UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL TISDALE,

Plaintiff,

v.                                                         26–CV–6110–MAV
ORDER

KEVIN MCCARTHY,

Defendant.

---

## INTRODUCTION

*Pro se* plaintiff Michael Tisdale, a former inmate, filed this action seeking relief under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Elmira Correctional Facility, he was deprived of "basic prisoner rights" during the New York State Department of Corrections and Community Supervision ("NYSDOCCS") strike that occurred in February and March of 2025. ECF No. 1. The Court previously granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), ECF No. 2, and screened his complaint under 28 U.S.C. § 1915(e)(2)(B). ECF No. 6 ("the initial screening order").

In the initial screening order, the Court dismissed the claims against Elmira Superintendent Kevin McCarthy in his official capacity without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(iii), and dismissed the individual capacity claims against him under 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to amend. *Id.*

Plaintiff timely filed an amended complaint, ECF No. 7, which the Court now screens under § 1915(e)(2)(B). For the reasons that follow, Plaintiff's Eighth

Amendment claims related to denial of showers and recreation may proceed to service against McCarthy in his individual capacity. Plaintiff's claims against McCarthy in his official capacity for monetary damages are dismissed without prejudice but without leave to amend.

## BACKGROUND

The amended complaint alleges that from February 17 to March 27, 2025, Plaintiff was "refused recreation and showers, both basic human needs during the NYS g[ua]rd strike d[e]spite having rel[ie]f" from the National Guard to "help run the pris[]on." ECF No. 7 at 4. McCarthy was "in charge of all pris[]on movement and deprivations." *Id.* Plaintiff suffered extreme emotional and psychological trauma from these events. *Id.* Plaintiff seeks compensatory damages and declaratory relief. *Id.*

## LEGAL STANDARDS

### I.   Review of the Amended Complaint

A court shall dismiss a complaint in a civil action in which an individual is proceeding IFP, if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings*

2

*Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). "[A]n opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 919CV0303MADTWD, 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to amend a second time. Therefore, granting [the plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II.    Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government–official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

## DISCUSSION

### I.    Eleventh Amendment Immunity

As the initial screening order explained, ECF No. 6 at 5, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). New York has not waived its Eleventh Amendment immunity to suit under § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977), and state sovereign immunity has not been abrogated by § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). The Eleventh Amendment bar

4

extends to state officials sued in their official capacities for monetary damages. *Graham*, 473 U.S. at 169.

To the extent that Plaintiff again seeks to sue McCarthy in his official capacity as an employee of NYSDOCCS, those claims are barred by the Eleventh Amendment. Accordingly, Tisdale's claims against McCarthy in his official capacity for monetary damages are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) without prejudice.[1] Because amendment would be futile, the dismissal is without leave to amend.

## II.    Eighth Amendment Conditions of Confinement

As the initial screening order explained, ECF No. 6 at 6–7, conditions of confinement claims implicate the Eighth Amendment's prohibition of cruel and unusual punishment. *Wilson v. Seiter,* 501 U.S. 294, 296–97 (1991). The Constitution "does not mandate comfortable prisons," but it also does not "permit inhumane ones." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (first quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).

A condition of confinement rises to the level of cruel and unusual punishment where the condition deprives inmates of "the minimal civilized measure of life's necessities." *Id.* at 834 (quoting *Rhodes*, 452 U.S. at 347). Under this standard, prison officials must "ensure that inmates receive adequate food, clothing, shelter, and

---

[1] "[A]lthough the Second Circuit has not explicitly held that a motion to dismiss on grounds of Eleventh Amendment immunity is a question of subject matter jurisdiction, it has, in recent summary orders, instructed that such dismissals are to be without prejudice." *Chacko v. Creedmoor Psychiatric Ctr.*, No. 25-CV-3406 (PKC) (TAM), 2025 WL 3295054, at *4 n.5 (E.D.N.Y. Nov. 26, 2025) (citing *Powers v. Long Island Power Auth.*, No. 21-CV-1755, 2022 WL 3147780, at *2 (2d Cir. Aug. 8, 2022) (summary order); *Karupaiyan v. New York*, No. 23-CV-1257, 2024 WL 2174272, at *1–2 (2d Cir. May 15, 2024) (summary order)).

medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832–33 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

To establish an Eighth Amendment violation on the basis of inhumane prison conditions, a prisoner must allege both that "(1) objectively, the deprivation the inmate suffered was 'sufficiently serious that he was denied the minimal civilized measure of life's necessities,' and (2) subjectively, the defendant official acted with 'a sufficiently culpable state of mind . . . such as deliberate indifference to inmate health or safety.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)). "To constitute deliberate indifference, '[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety.'" *Id.* (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)).

Both exercise and hygiene are basic human needs. *See Dillon v. City of New York*, No. 12 Civ. 6746 (LAP), 2013 WL 3776252, at *3 (S.D.N.Y. July 18, 2013) ("[E]xercise is one of the basic human needs protected by the Eighth Amendment[.]"); *Pape v. Cook*, No. 3:20-CV-1324 (VAB), 2021 WL 2186427, at *9 (D. Conn. May 28, 2021) ("Inmates have a right to . . . the necessary materials to maintain adequate personal hygiene[,]" including showers). But not all deprivations of these basic human needs violate the Eighth Amendment.

"[A]s a matter of law, minor and temporary deprivations of . . . showers and recreation do not violate the Eighth Amendment." *Ford v. Phillips*, No. 05 CIV. 6646 (NRB), 2007 WL 946703, at *9 (S.D.N.Y. Mar. 27, 2007); *see also Pape*, 2021 WL 2186427 at *9 ("Courts in the Second Circuit have held that temporary denials of

6

access to a shower for up to two weeks typically do not constitute a serious deprivation of a basic human need."). Consequently, "a plaintiff must show that he was denied all meaningful exercise for a substantial period of time." *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001). The denial of showers for a prolonged period can likewise state an Eighth Amendment claim. *See Encarnacion v. Connors*, No. 9:21-CV-00986-MAD-TWD, 2023 WL 6546247, at *11 (N.D.N.Y. Aug. 7, 2023), *report and recommendation adopted*, 2023 WL 6057393 (N.D.N.Y. Sept. 18, 2023).

The amended complaint again alleges that Plaintiff was deprived of showers and recreation from February 17 to March 27, 2025. ECF No. 7 at 3–4. As the Court previously found, at this stage, a more than five-week deprivation of these basic human needs is sufficient to satisfy the objective prong of an Eighth Amendment claim. *See Encarnacion*, 2023 WL 6546247, at *11 ("[T]here is a genuine issue of material fact as to whether the denial of showers and recreation for 60 consecutive days . . . posed a substantial risk of serious harm to Plaintiff.").

As for the subjective prong, unlike the original complaint, the amended complaint contains some additional factual allegations regarding McCarthy, the Superintendent of Elmira. Specifically, Plaintiff alleges that despite National Guard availability, these deprivations occurred while McCarthy was in charge of all movement in the prison. ECF No. 6 at 3. In light of Plaintiff's *pro se* status, and the potential novel legal issues raised by the strike,[2] Plaintiff's allegations here are

---

[2] "As [the] Second Circuit has explained, dismissal is 'especially disfavored' when 'the complaint sets forth a novel legal theory that can best be assessed after' further factual and legal development." *See Santana v. Quiros*, No. 3:21-CV-376 (SVN), 2022 WL 16706959, at *9 (D. Conn. Nov. 4, 2022) (quoting *Baker v. Cuomo*, 58 F.3d 814, 818–19 (2d Cir. 1995), *vacated in part on other grounds sub nom. Baker*

sufficient to meet the subjective prong and state a colorable Eighth Amendment claim at this early stage. *Lopez v. Chappius*, No. 6:17-CV-06305 EAW, 2023 WL 2612507, at *7 (W.D.N.Y. Mar. 23, 2023) (*Tangreti* "made clear that [the personal involvement requirement] does not bar § 1983 claims based on a supervisor's deliberate indifference to an alleged constitutional violation.").

## CONCLUSION

After screening the amended complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the claims against McCarthy in his official capacity for monetary damages without prejudice but without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(iii). The Eighth Amendment claims based on denial of recreation and showers against McCarthy in his individual capacity may proceed to service.

## ORDER

IT HEREBY IS ORDERED that the claims against McCarthy in his official capacity for monetary damages are DISMISSED WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(iii); and it is further

ORDERED that the Eighth Amendment claims against McCarthy in his individual capacity may proceed to service; and it is further

ORDERED that Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the amended complaint, and this order upon Defendant Kevin McCarthy, Superintendent of Elmira Correctional Facility, 1879

---

*v. Pataki*, 85 F.3d 919 (2d Cir. 1996) (en banc))). In determining that these claims survive review under 28 U.S.C. § 1915(e)(2)(B), the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

8

Davis Street, P.O. Box 500, Elmira, New York 14901-0500 without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall answer or respond to the amended complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:    June _15_ , 2026
          Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE